IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                CIVIL NO.  06-1146 PJK/LFG

DANIEL GABINO MARTINEZ,

        Defendant.

## **RECOMMENDATION FOR ENTRY OF DEFAULT JUDGMENT**

On March 5, 2007, the Court entered its Order to Show Cause [Doc. 19] directing Defendant, Daniel Gabino Martinez ("Martinez"), to show cause, if any he had, why Fed. R. Civ. P. 16 sanctions, including entry of a default judgment against him, should not be entered. An Amended Order to Show Cause [Doc. 20] was filed on March 7, 2007 to correct minor errors in the Court's original document. The order and amended order were issued because Martinez failed to appear for a Fed. R. Civ. P. 16 scheduling conference as directed by the Court.

On March 12, 2007, Martinez filed his response [Doc. 21]. The response consists of the same jurisdictional challenge Martinez earlier filed, [*see* Doc. 4, Petition to Dismiss for Lack of Personal, Subject Matter and Venue Jurisdiction . . . ], and which had earlier been rejected. [Doc. 16, Order denying motion to dismiss for jurisdiction, finding that Martinez's claims were "completely without merit"].

On March 16, 2007, the Court conducted the analysis required by Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992) and concluded that Martinez's conduct was sanctionable. The Court sought to avoid the harshness of the most severe sanction--a default judgment--by imposing a lesser sanction consisting of a financial penalty. Martinez was to pay the fine of $2,500 to the

Clerk of the Court by March 30, 2007. Martinez neither paid the fine nor demonstrated any inability to do so. Instead, as before, he returned court pleadings to the Clerk marked "Refusal for Fraud" [Doc. 26]. Further, on March 23, 2007, he filed a Second Amended Response [Doc. 27] to the Court's Order to Show Cause, refusing to comply with the sanction order.

With this background, and with Martinez's refusal to comply with Court directives, the Court once again conducts the Ehrenhaus analysis. Id.

## Propriety of Sanctions

When a party fails to comply with requirements of the Federal Rules of Civil Procedure, or when a party intentionally disregards the orders and directives of a court, sanctions are appropriately entered. Id.

In this case, Martinez's acts and omissions warrant imposition of sanctions. However, determining the appropriateness of the sanction requires that the Court engage in a multi-step process and consider: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. Id.

## Prejudice to the Opposing Party

Prejudice to the Plaintiff United States of America ("United States") is apparent in this case. Martinez failed to comply with Court orders and directives, and, as a result, failed to appear for a scheduled court hearing. Counsel for the United States did appear. The purpose of the hearing was to establish an appropriate case management plan; to ensure that initial disclosures had been made; to discuss discovery needs; to establish deadlines for filing motions; and to explore options to resolve the case without the need for a trial. None of these matters could be addressed without

Martinez's presence and, thus, no case management plan is in place.

Martinez simply ignored the Court's directive to appear. Even though the Court previously determined that it has jurisdiction over Martinez [Doc. 16], and that Martinez received the Court's Notice of Scheduling Conference [*see* Doc. 10 and unnumbered attachments to Doc. 12], Martinez ignored the Court's findings and directives.[1]

The failure to attend a court-ordered hearing increases the costs of litigation and contributes to delay, all in contravention of the requirements of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* Without a case management plan and case management deadlines, the parties are unable to proceed with discovery and motion practice. Accordingly, Martinez's recalcitrance brings the litigation to a halt, thus, prejudicing the United States.

The Court granted Martinez an opportunity to show cause why sanctions should not be imposed. His response to the Order to Show Cause consists of the same meritless arguments previously rejected by the Court. In Smith v. Kitchen, 156 F.3d 1025 (10th Cir. 1998), similar arguments made by a *pro se* litigant were termed "frivolous," "meritless," "implausible" and "bizarre" by the Tenth Circuit.

The Court concludes that the United States has been prejudiced as a result of Martinez's acts and omissions.

### **Interference With the Judicial Process**

The Court has an independent responsibility to ensure that cases are processed efficiently, expeditiously and economically. In an effort to comply with its case management obligations

---

[1] It is undisputed that Martinez received the Court's notice of hearing. Indeed, he returned the Notice of Scheduling Conference to the Clerk of Court after inscribing "Refused for Cause" across the body of the notice. [*See* Doc. 10, and Doc. 12 attachments].

imposed by the district's Civil Justice Expense and Delay Reduction Plan, as well as by the rules of procedure, the Court issued its Notice of Scheduling Conference. The intent of the conference was to hear the parties' positions on the claims and defenses, establish appropriate case management deadlines, authorize commencement of discovery, and establish a deadline for filing potentially dispositive motions and to discuss settlement. This plan would have ensured that the case could be brought to completion within the "target dispositional date" contemplated by the district's Civil Justice Expense and Delay Reduction Plan.

As a result of Martinez's refusal to cooperate and his failure to appear, the Court's case management responsibilities have been thwarted. Indeed, had Martinez had some bonafide reason, i.e., illness, scheduling conflict, the Court could easily have continued the hearing to another date to accommodate Martinez's situation. Instead, he offers a meritless argument that was already rejected. The Court concludes that Martinez's conduct interfered with the judicial process.

### **Culpability of the Litigant**

When non-compliance with procedural obligations or court orders are the fault of a party's attorney, and if the court concludes that the conduct is sanctionable, then it is the party's attorney who should suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984)(if the fault lies with the attorneys, that is where the impact of the sanction should be lodged), *cert. denied*, 471 U.S. 1014 (1985); *see also* M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 873-74 (10th Cir. 1987).

In this case, Martinez represents himself. It was Martinez who was ordered to appear for the hearing; who refused and returned the notice of hearing; and who failed to appear.

On February 22, 2007, the trial judge, the Honorable Paul J. Kelly, Jr., rejected Martinez's jurisdictional arguments and stated, "Defendant shall answer the complaint within ten days from

notice of this order." [Doc. 16, p. 4]. Martinez did not file his answer within ten days from notice as directed by the Court, nor did he request an extension of time within which to file an answer.

It is Martinez who persists in advancing the same meritless argument that has soundly been rejected by Judge Kelly [Doc. 16].

Martinez's refusal to comply with rules applicable to all civil litigants, his specific refusal to accept and his clear disregard of the Court's orders and directives evidence a willful and contumacious disregard of the Court's authority. Under these circumstances, the Court determines that Martinez is the culpable party and is the one who should suffer the sanction.

### Advanced Warning of Sanction of Default

A court should not impose the most severe sanction of dismissal of a lawsuit or entry of a default judgment unless it previously warned a litigant that such a consequence could result. *See, e.g.* Willner v. Univ. of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988), *cert. denied*, 488 U.S. 1031 (1989). Here, the Court specifically warned Martinez of the consequence. Both its Order to Show Cause and Amended Order to Show Cause referred to Enrenhaus v. Reynolds and explicitly advised Martinez that his failure to show cause could result in the Court entering an order of default against him. *See* Willner, 848 F.2d at 1030. Thus, Martinez was expressly put on notice that the entry of a default was the likely result of his refusal to respond.

The Court concludes that Martinez was previously warned that sanctions, including entry of a default judgment against him, could be entered.

### Efficacy of Lesser Sanctions

Notwithstanding the Court's earlier warnings in its Order to Show Cause or Amended Order to Show Cause that failure to comply with the Court's orders and directives could result in the imposition of sanctions, including an entry of default judgment, Martinez failed to comply. He

5

failed to pay the $2,500 penalty and "thumbs his nose" at the Court by his conduct in returning the Court's orders and directives marked "Refusal for Cause" or "Refusal for Fraud," thus, rejecting the Court's lawful authority.

The Court sought to avoid entry of an ultimate sanction, a default judgment, because the entry of such a judgment denies a litigant his day in court. For that reason, the Court opted for the imposition of a fine payable to the Court Clerk by March 30, 2007.

Martinez neither paid the fine nor offered any reason why he was unable to comply. to the contrary, Martinez continues in his obstinate behavior, ignoring the directives of the Court and returning the Court's orders.

It is clear that Martinez ignored the Court's directives just as he has ignored his obligations under the rules of procedure applicable to all litigants. Given his repeated failures and refusals to comply with Court directives and the federal rules, there is no lesser sanction that can serve as an effective incentive to compel Martinez's compliance.

### **Recommended Disposition**

After consideration of all <u>Ehrenhaus</u> factors, the Court recommends that the appropriate sanction is entry of a default judgment against Martinez and in favor of the United States, and, therefore, recommends that the trial judge enter judgment in favor of the United States.[2]

*Lorenzo F. Garcia*  
Lorenzo F. Garcia  
Chief United States Magistrate Judge

---

[2] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed by **April 20, 2007**, no appellate review will be allowed.