IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DANIEL GAMBINO MARTINEZ,

    Defendant.

No. 06cv1146 PK/LFG

ORDER and
COURT'S ENTRY OF DEFAULT

THIS MATTER comes on for consideration of Defendant's Third Amended Challenge to Jurisdiction and Collateral Attack on Orders and Recommendation for Entry of Default Judgment by Petition in Special Visitation filed April 13, 2007 (Doc. 29).  The court construes this rambling pleading as an objection to the Magistrate's Recommendation for the Entry of Default Judgment filed April 3, 2007 (Doc. 28).  Upon consideration thereof,

(1) This case was referred to Magistrate Judge Garcia for pretrial proceedings. See D.N.M. LR-Civ. 73.1(a) & (c)(1); 72(a).  Pursuant to Fed. R. Civ. P. 16, the magistrate judge a set a scheduling conference for March 2, 2007.  Doc. 10 (notice of hearing).  Prior to the scheduling conference, Defendant filed a pleading purporting to refuse the notice, asserting various jurisdictional defenses and

indicating that he did not consent to the magistrate judge's jurisdiction.   Doc. 12.
The magistrate judge struck the pleading, explained that Defendant's consent was not
necessary, and reminded him that he should appear.   Doc. 13 at 2.   Defendant was
cautioned that if he did not appear, Rule 16 sanctions including a default judgment
could be imposed.   Doc. 13 at 2; see also Fed. R. Civ. P. 16(f) (allowing for
sanctions including those available under Fed. R. Civ. P. 37(b)(2)(B)-(C)).
Meanwhile, this court denied Defendant's motion to dismiss for lack of jurisdiction
on February 22, 2007.  (Doc. 16).   Reconsideration of that order was denied.   Doc.
30.

Defendant failed to appear at the scheduling conference and the magistrate
judge issued an amended order to show cause for his non-attendance and why Rule
16 sanctions should not be imposed.   Doc. 20 at 2.   Defendant was again warned
about Rule 16 sanctions including default judgment.   Doc. 20 at 2.   Defendant's
response to the order to show cause asserted various jurisdictional defenses
previously found wanting.   Doc. 21.   The government responded to Defendant's
response to the show cause order observing that Defendant persists in filing abusive
and outrageous pleadings, and will not participate meaningfully in the litigation, and
urging the magistrate judge to impose sanctions, specifically a default judgment.
Doc. 23 at 1.   The magistrate judge imposed a $2,500 fine payable by the Defendant
by March 30, 2007, after considering the factors in Ehrenhaus v. Reynolds, 965 F.2d
916, 920 (10th Cir. 1992).  Doc. 24

That fine went unpaid, and Defendant purported to refuse the magistrate judge's order and raised more frivolous objections under the guise of supplemental responses.  Docs. 25-27.  The magistrate judge now recommends entry of a default judgment, given that Defendant has failed to pay the fine, and has completely failed to comply with the court's rules or orders.  Doc. 28.  The magistrate judge again considered the <u>Ehrenhaus</u> factors.  <u>See</u> <u>Gripe v. City of Enid, Okla.</u>, 312 F.3d 1184, 1188-89 (10th Cir. 2002) (noting that Federal Rules authorize sanctions for failing to appear at a scheduling conference or failing to obey a court order and applying <u>Ehrenhaus</u> factors to termination sanction of dismissal).

(2) The magistrate judge correctly informed Defendant that he had ten days in which to object to the recommendation.  28 U.S.C. § 636(b)(1); Doc. 28 at 6, n.2. Although Defendant objects, he does not do so on the basis that the magistrate judge misapplied the factors concerning the sanction, but rather on the basis the magistrate judge lacked jurisdiction.  The Tenth Circuit has held that an objection must be sufficiently specific to preserve an issue for district court and appellate court review. <u>United States v. 2121 E. 30th St.</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).  Unless the interests of justice warrant review, Defendant has forfeited review on this basis.  Not having objected on the basis that the magistrate judge misapplied the five factors, the court will not craft arguments to that effect for the Defendant.  The Defendant's jurisdictional challenges are meritless.

(3) In an abundance of caution, however, the court has considered the

magistrate judge's sanction analysis de novo.  Doc. 28.  The court adopts it insofar as entering default against the Defendant, but will hold a hearing on damages.  The court would add that the Defendant's conduct is plainly willful (the court's orders have repeatedly been attached to pleadings and marked "Refused for Fraud") and it is evident that Defendant has no intention of abiding by the orders of the court and its rules.  Rule 16 allows the magistrate judge to direct the parties to appear at a scheduling conference so as to facilitate the entry of a scheduling order, including discovery deadlines.  Fed. R. Civ. P. 16(a) & (b).  Non-attendance prevents the lawsuit from getting off to a proper start.  Though the court has a strong preference for resolving claims on the merits, the aggravating factors outweigh this preference and the Defendant has shown no willingness to subscribe to the procedures that would allow a merits disposition.  As noted by the magistrate judge, R. Doc. 28 at 5, the Defendant has failed to answer as directed by this court upon rejection of his motion to dismiss.  R. Doc. 16 at 4; see also Doc. 31 (Clerk's Entry of Default requested by court).

(4)  Based on the Defendant's non-compliance with the magistrate judge's directives and the failure to answer, the court adopts the recommendation of the magistrate judge insofar as default be entered by the court.  The objections of the Defendant are overruled.  The court will set this matter down for an evidentiary hearing wherein the parties may establish the amount of the default judgment, and will provide a calendar notice of that hearing.  Cf. Fed. R. Civ. P. 55(b)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED:

(1) That Defendant's Third Amended Challenge to Jurisdiction and Collateral Attack on Orders and Recommendation for Entry of Default Judgment by Petition in Special Visitation filed April 13, 2007 (Doc. 29) is overruled and the magistrate judge's recommendation for entry of default judgment, insofar as default be entered by the court, is adopted as supplemented by this order.

(2) Default is entered by the court against the Defendant as a sanction and for failing to answer the complaint.

(3) the Clerk's entry of default (Doc. 31) is hereby superseded.

DATED this <u>24th</u> day of April 2007, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation